

FILED

09 AUG 11 PM 1: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

1  Richard S. deSaulles – State Bar No. 255419
   LAW OFFICES OF RICHARD S. DESAULLES
2  P.O. Box 1022
   Pacific Grove, California 93950-1022
3  Telephone: (831) 402-2195
   Facsimile:  (866) 998-8787
4  rich@rdlawoffices.com

5  Attorneys for Plaintiff,
   John Fremont Steel IV

6

7               UNITED STATES DISTRICT COURT

8        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

| JOHN FREMONT STEEL IV, | Case No. '09 CV 1743  MMA NLS |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **42 U.S.C. § 1983- UNLAWFUL SEIZURE AND IMPRISONMENT;** |
| CITY OF SAN DIEGO;  SAN DIEGO POLICE DEPARTMENT;  CHIEF WILLIAM LANSDOWNE, individually and in his capacity as Chief of Police for the San Diego Police Department;  SERGEANT MICHAEL MCCOLLOUGH, individually and in his capacity as a San Diego Police Officer;  SERGEANT DANIEL DOUGLAS, individually and in his capacity as a San Diego Police Officer;  OFFICER GILBERT NINNESS, individually and in his capacity as a San Diego Police Officer;  CONFIDENTIAL RESEARCH COMPANY, a California business entity of unknown type;  LAURA MARIE SISSON-BROWN;  RICK BRONOLD;  LUIS GONZALEZ;  CHARLES E. JONES;  HERVEY & WOOD, A.P.C., a California Corporation;  ROBERT WOOD;  STOCKS & FENTIN, a California business entity of unknown type;  JANIS KAY STOCKS;  SUSAN HASBROUCK;  AARON ZIGMAN;  and DOES 1-100, Inclusive, | 2. **42 U.S.C. § 1983- EXCESSIVE FORCE;** |
| | 3. **42 U.S.C. § 1983- CIVIL CONSPIRACY TO INTERFERE WITH THE COMPANIONSHIP AND SOCIETY OF PLAINTIFF AND HIS MINOR CHILD;** |
| | 4. **42 U.S.C. § 1983- *MONELL* CLAIMS;** |
| | 5. **CAL. CIV. CODE § 52.1;** |
| | 6. **ASSAULT;** |
| | 7. **BATTERY;** |
| | 8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | 9. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** |
| | 10. **NEGLIGENCE;** |
| Defendants. | 11. **BUS. & PROF. CODE § 17200, ET SEQ.- UNFAIR COMPETITION AND BAD FAITH BUSINESS PRACTICES; and** |
| | 12. **NEGLIGENCE PER SE.** |

**DEMAND FOR JURY TRIAL**

- 1 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

**INTRODUCTION**

1.     This action arises from a conspiracy among a group including private citizens, lawyers, private investigators, San Diego Police Department Sergeant Michael McCollough, and San Diego Police Department Officer Gilbert Ninness, to effect the August 12, 2007 traffic stop and subsequent arrest of John Fremont Steel IV (hereafter, "Plaintiff") for allegedly driving while intoxicated.  The motive of the planned arrest of Plaintiff was to manufacture evidence that would help Plaintiff's wife, Christina Steel, gain an advantage in a child custody battle.

2.      However, the coordinated arrest of August 12, 2007 was illegal, improper, and nearly resulted in Plaintiff's death when he went into severe Diabetic distress and the arresting officer ignored Plaintiff's repeated pleas to be taken to a hospital.  Over two hours had passed until the arresting officer was angrily ordered by a supervising officer at the jail to expedite Plaintiff to the emergency room.

3.     Rather than expedite Plaintiff to the emergency room, Officer Ninness dropped off Plaintiff, who was at that point in time on the verge of a diabetic coma, a substantial distance away from the entrance of the hospital, leaving Plaintiff to struggle to walk himself to the entrance of the hospital.

4.     Six months after the incident, Plaintiff filed a government tort claim with the City of San Diego.

5.     Three weeks after the tort claim was filed (and seven months after the incident), criminal charges were filed against Plaintiff related to the events of August 12, 2007.

6.     Extensive discovery in the criminal case, which is still active nearly two years following the incident, has unearthed substantial testimony and evidence proving the existence of a conspiracy to violate Plaintiff's civil rights.

**JURISDICTION**

7.     This action is brought pursuant to 42 U.S.C. § 1983, 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and state law where applicable.

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1    8.    This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331

2    and 1343.

3    9.    This Court may also exercise supplemental jurisdiction over the Plaintiff's state

4    law claims that arise from the same facts and circumstances pursuant to 28 U.S.C. § 1367.

5                                          **VENUE**

6    10.    Plaintiff's claims herein arise out of a widespread conspiracy surrounding the

7    arrest of Plaintiff. Nearly all of these events, including the August 12, 2007 arrest of Plaintiff,

8    occurred in the City and County of San Diego, State of California, and within this judicial

9    district.

10                                         **PARTIES**

11    11.    Plaintiff JOHN FREMONT STEEL IV is currently a resident of San Diego,

12    California, and at all times relevant to the allegations of this complaint was a citizen of the

13    United States and resident of San Diego County.

14    12.    Defendant CITY OF SAN DIEGO is a municipal corporation, duly organized

15    and existing under the laws of the State of California.

16    13.    Defendant SAN DIEGO POLICE DEPARTMENT is a public agency subject to

17    suit.

18    14.    At all times relevant to this action, defendant CHIEF WILLIAM LANSDOWNE

19    was the duly appointed Chief of Police of the San Diego Police Department. In this capacity,

20    CHIEF WILLIAM LANSDOWNE was:

21            a.    The commanding officer of Defendants SERGEANT MICHAEL

22                  MCCOLLOUGH, SERGEANT DANIEL DOUGLAS and OFFICER

23                  GILBERT NINNESS, and was responsible for their hiring, training,

24                  supervision, discipline, and conduct.

25            b.    Responsible by law for enforcing the regulations of the San Diego Police

26                  Department and for ensuring that San Diego police personnel obey the

27                  laws of the State of California and of the United States.

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

-3-

c.   Acting as the agent, servant, and employee of Defendant CITY OF SAN

DIEGO.  This defendant is sued individually and in his official capacity.

15.   At all times relevant to this action, defendant SERGEANT MICHAEL

MCCOLLOUGH was a police officer employed by the SAN DIEGO POLICE DEPARTMENT

to perform duties in the City of San Diego.  SERGEANT MICHAEL MCCOLLOUGH is sued

individually and in his official capacity.

16.   At all times relevant to this action, defendant SERGEANT DANIEL DOUGLAS

was a police officer employed by the SAN DIEGO POLICE DEPARTMENT to perform duties

in the City of San Diego.  SERGEANT DANIEL DOUGLAS is sued individually and in his

official capacity.

17.   At all times relevant to this action, defendant OFFICER GILBERT NINNESS

was a police officer employed by the SAN DIEGO POLICE DEPARTMENT to perform duties

in the City of San Diego.  OFFICER GILBERT NINNESS is sued individually and in his

official capacity.

18.   At all times relevant to this action, defendant CONFIDENTIAL RESEARCH

COMPANY, upon information and belief, is a business organized under the laws of the State of

California to provide investigative services.

19.   Defendant LAURA MARIE SISSON-BROWN, upon information and belief, is

a resident of San Diego County, State of California, and the owner of CONFIDENTIAL

RESEARCH COMPANY.  At all times relevant to this action, defendant LAURA MARIE

SISSON-BROWN was a private investigator, licensed by the State of California.

20.   At all times relevant to this action, defendant RICK BRONOLD is a resident of

San Diego County, State of California, and an *unlicensed* private investigator, employed by

defendant CONFIDENTIAL RESEARCH COMPANY.  Defendant RICK BRONOLD is sued

individually and in his capacity as an employee or agent of defendant CONFIDENTIAL

RESEARCH COMPANY and LAURA MARIE SISSON-BROWN.

21.   At all times relevant to this action, defendants LUIS GONZALEZ is a resident of

San Diego County, State of California, and a private investigator, licensed by the State of

LAW OFFICES OF RICHARD S. DESAULES
P.O. Box 1022
Pacific Grove, CA 93950

- 4 -

California, and employed by defendant CONFIDENTIAL RESEARCH COMPANY and LAURA MARIE SISSON-BROWN. Defendant LUIS GONZALEZ is sued individually and in his capacity as an employee or agent of defendant CONFIDENTIAL RESEARCH COMPANY and LAURA MARIE SISSON-BROWN.

22. At all times relevant to this action, defendants CHARLES E. JONES is a resident of San Diego County, State of California, and a private investigator, licensed by the State of California, and employed by defendant CONFIDENTIAL RESEARCH COMPANY and LAURA MARIE SISSON-BROWN. Defendant CHARLES E. JONES is sued individually and in his capacity as an employee or agent of defendant CONFIDENTIAL RESEARCH COMPANY and LAURA MARIE SISSON-BROWN.

23. At all times relevant to this action, defendant HERVEY & WOOD, A.P.C., upon information and belief, is a corporation with its principal place of business in San Diego County, State of California, and organized under the laws of the State of California to provide professional legal services.

24. At all times relevant to this action, defendant ROBERT WOOD is a resident of San Diego County, State of California, and an attorney, licensed by the State of California, and employed by defendant HERVEY & WOOD, A.P.C. Defendant ROBERT WOOD is sued individually and in his capacity as an employee of defendant HERVEY & WOOD, A.P.C.

25. At all times relevant to this action, defendant STOCKS & FENTIN, upon information and belief, is a business with its principal place of business in San Diego County, State of California, and organized under the laws of the State of California to provide professional legal services.

26. At all times relevant to this action, defendant JANIS KAY STOCKS is a resident of San Diego County, State of California, and an attorney, licensed by the State of California, and employed by defendant STOCKS & FENTIN. Defendant JANIS KAY STOCKS is sued individually and in her capacity as an employee of defendant STOCKS & FENTIN.

27. At all times relevant to this action, defendant SUSAN HASBROUCK was a resident of Newport Beach, California, and Boise, Idaho. At all times relevant to the allegations

- 5 -

LAW OFFICES OF RICHARD S. DESAULLES  P.O. Box 1022  Pacific Grove, CA 93950

1    of this complaint, SUSAN HASBROUCK was a citizen of the United States and resident of

2    Orange County, California, and Boise, Idaho.

3        28.    At all times relevant to this action, defendant AARON ZIGMAN was a resident

4    of Los Angeles, California, and at all times relevant to the allegations of this complaint was a

5    citizen of the United States and resident of Los Angeles County.

6        29.    Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS

7    GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN

8    HASBROUCK, AARON ZIGMAN and DOES 1-100, Inclusive, are private individuals and not

9    state officials. Plaintiff is informed and believes and thereon alleges that, at all times relevant to

10    this action, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ,

11    CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK,

12    AARON ZIGMAN and DOES 1-100, and each of them, acted as co-conspirators, agents,

13    servants, employees and/or in concert with and "under color of state law" when they engaged in

14    the conspiracy to injure Plaintiff and to deny Plaintiff his civil rights, as herein alleged.

15        30.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

16    DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff

17    will amend this complaint to allege their true names and capacities when ascertained. Plaintiff

18    is informed and believes and thereon alleges that each fictitiously named defendant is

19    responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as

20    herein alleged were proximately caused by their acts.

21        31.    Plaintiff is informed and believes and thereon alleges that at all times herein

22    mentioned, each of the defendants sued herein as DOES 1-100 was the agent and employee of

23    the remaining defendants and was at all times acting within the purpose and scope of such

24    agency and employment.

25

26

27

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 6 -

# FACTUAL ALLEGATIONS

A.      **The Plaintiff: John Fremont Steel IV.**

32.     Plaintiff John Fremont Steel IV was born in New Orleans, Louisiana, and raised in San Diego, California.

33.     Plaintiff earned a Bachelor's Degree in Economics from Dartmouth College, where he was also a highly successful scholar-athlete— completing his college career as one of the winningest athletes in the history of the Ivy League.

34.     After graduating from Dartmouth, Plaintiff went on to the University of Southern California, where he earned a Masters Degree in Finance.

35.     While a graduate student at USC, Plaintiff became severely ill and discovered that he had Type I Diabetes. After the diagnosis, Plaintiff learned how to effectively manage his diabetes through a balance of daily blood monitoring, injections of insulin, diet, and exercise.

36.     In the years that followed Plaintiff's initial Diabetes diagnosis, he returned to San Diego and became well-versed in the treatment of Diabetes, focusing his life ambition on helping others afflicted with the disease.

37.     In 1994, Plaintiff founded MicroIslet, a San Diego biotechnology company focused on the development of cell-based therapies for Diabetes. MicroIslet was also supported by the National Institutes of Health, American Diabetes Association, Juvenile Diabetes Foundation and Veterans Health Administration.

38.     The accomplishments of Plaintiff and MicroIslet in the development of Diabetes treatment has been chronicled by various medical periodicals, including *Scientific American*.

39.     For years, Plaintiff has been asked by various public officials, including Lieutenant Governor John Garamendi, to deliver speeches and seminars relating to Diabetes.

40.     From his initial Type I Diabetes diagnosis until the early morning hours of August 12, 2007, Plaintiff had effectively managed his Diabetes for over 28 years — never having endured any severe diabetic event during that time.

41.     By all accounts, Plaintiff John Fremont Steel IV is a well-educated,

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1   accomplished and respected businessman, scholar, father, and upstanding citizen.

2      42.    Plaintiff was married to Christina Steel on August 20, 1994 and together they

3   have one child, a son who is four years old.  Plaintiff also has an adult daughter who was a

4   highly successful college scholar-athlete and graduate from Princeton University.

5      43.    On or about October 18, 2006, Plaintiff and Christina Steel separated.

6      44.    During the marital separation of Plaintiff and Christina Steel, Ms. Steel retained

7   the legal services of San Diego attorneys Robert Wood, Esq. of Hervey & Wood, A.P.C., and

8   Janis Kay Stocks of Stocks & Fentin.

9

**B.    The Conspiracy To Use Rick Bronold, An Unlicensed Private Investigator,**
10      **And His Good Friend And Neighbor, San Diego Police Department Sergeant**
           **Michael McCollough, To Have John Fremont Steel IV Arrested In Order**
11      **To Obtain Incriminating Child Custody Evidence Against Him.**

12      45.    On or about July 31, 2007, one of Christina Steel's attorneys, defendant

13   ROBERT WOOD, contacted defendant LAURA MARIE SISSON-BROWN and asked her

14   and/or her firm, CONFIDENTIAL RESEARCH COMPANY, to perform surveillance of

15   Plaintiff for Christina Steel.

16      46.    Plaintiff is informed and believes, and thereon alleges, that defendant ROBERT

17   WOOD and defendant JANIS KAY STOCKS knew that LAURA MARIE SISSON-BROWN

18   and her firm, CONFIDENTIAL RESEARCH COMPANY used unlicensed private

19   investigators, including but not limited to RICK BRONOLD, to perform investigative services.

20      47.    On August 1, 2007, defendant LAURA MARIE SISSON-BROWN met with

21   Christina Steel and began surveillance of Plaintiff.

22      48.    Defendants JANIS KAY STOCKS, LAURA MARIE SISSON-BROWN and

23   SUSAN HASBROUCK coordinated the surveillance of Plaintiff by defendants LAURA

24   MARIE SISSON-BROWN, CONFIDENTIAL RESEARCH COMPANY, RICK BRONOLD,

25   LUIS GONZALES and CHARLES E. JONES.

26      49.    LUIS GONZALEZ and CHARLES E. JONES are private investigators licensed

27   by the State of California, and who were engaged by LAURA MARIE SISSON-BROWN and

28   her firm, CONFIDENTIAL RESEARCH COMPANY, to perform private investigative services

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 8 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1  pertaining to Plaintiff.

2       50.    RICK BRONOLD is not licensed by the State of California to conduct private

3  investigations, and he was also engaged by LAURA MARIE SISSON-BROWN and her firm,

4  CONFIDENTIAL   RESEARCH   COMPANY   to   perform   private   investigative   services

5  pertaining to Plaintiff.

6       51.    Plaintiff is informed and believes, and thereon alleges, that defendant ROBERT

7  WOOD and defendant JANIS KAY STOCKS knew or should have known that RICK

8  BRONOLD was not a licensed private investigator.

9       52.    Plaintiff is informed and believes, and thereon alleges, that defendant ROBERT

10 WOOD and defendant JANIS KAY STOCKS knew or should have known that RICK

11 BRONOLD   was   engaged   by   LAURA   MARIE   SISSON-BROWN   and   her   firm,

12 CONFIDENTIAL   RESEARCH   COMPANY   to   perform   private   investigative   services

13 pertaining to Plaintiff.

14      53.    Defendant   LAURA   MARIE   SISSON-BROWN,   through   her   company,

15 CONFIDENTIAL RESEARCH COMPANY, assigned RICK BRONOLD, LUIS GONZALEZ

16 and CHARLES E. JONES to conduct video surveillance of Plaintiff over the course of the first

17 few weeks of August, 2007.

18      54.    The private investigative services pertaining to Plaintiff conducted by LAURA

19 MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ and CHARLES E. JONES

20 included rummaging through his trash, covert eavesdropping on and videotaping of Plaintiff in

21 various public and private locations.

22      55.    Plaintiff was unaware that he was under intense video surveillance during the

23 first two weeks of August, 2007.

24      56.    Defendant AARON ZIGMAN has testified under oath that he covertly funneled

25 thousands of dollars[1] to Christina Steel through Ms. Steel's mother, Martha McCrary, in order

26 to finance Ms. Steel's payments to LAURA MARIE SISSON-BROWN and her firm,

27

28

1   CONFIDENTIAL RESEARCH COMPANY to conduct private investigative services related to

2   Plaintiff.

3        57.    Defendant AARON ZIGMAN, who used to be close friends with Plaintiff before

4   he began dating Plaintiff's wife, testified under oath:

5           *"I made a payment [of $5,000] on behalf of [Christina Steel]*
        *because I really – I made a payment for her to Martha because I*

6           *didn't want to be involved in this and I didn't want to be involved*
        *in any trace back to me from Christie. I wanted Martha to give it*

7           *to her."*

8        58.    San Diego Police Department SERGEANT MICHAEL MCCOLLOUGH is a

9   "good friend" and "neighbor" of RICK BRONOLD, and they have known each other "for many

10  years."[2]

11       59.    Defendant LAURA MARIE SISSON-BROWN testified that she had asked

12  defendant RICK BRONOLD about having a "hot stop" done on Plaintiff's vehicle.

13       60.    Defendant LAURA MARIE SISSON-BROWN testified that on August 3, 2007,

14  defendant RICK BRONOLD informed her that he had a "friend" in the San Diego Police

15  Department Traffic Division who might be able to help them execute a "hot stop" of Plaintiff's

16  vehicle.

17       61.    In August 2007, SERGEANT MICHAEL MCCOLLOUGH was in charge of all

18  five "DUI" units of the SAN DIEGO POLICE DEPARTMENT's Traffic Division.

19       62.    Telephone records confirm that on August 4, 2007 at 4:12 pm, defendant RICK

20  BRONOLD called defendant SERGEANT MICHAEL MCCOLLOUGH's cell phone and they

21  spoke for 4 minutes.

22      **C.**    **The Coordinated August 12, 2007 "Hot Stop" Of John Fremont Steel IV By**
           **San Diego Police Officer Gilbert Ninness- At The Behest Of The Other**

23             **Defendants, And Each Of Them.**

24       63.    SERGEANT MICHAEL MCCOLLOUGH testified that RICK BRONOLD

25  

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

26  [1] Plaintiff is uncertain the exact amount paid for private investigation. All Plaintiff knows at this point in time is that
defendant Laura Marie Sisson Brown has admitted to receiving over $15,000.

27  [2] Plaintiff notes that, while defendant Sergeant McCollough previously testified under oath that he was not friends
with Rick Bronold, McCollough later admitted that they were "good friends" in an email to City Attorney employee

28  Terri Winbush. Unfortunately, the recording of this testimony, which took place at Plaintiff's DMV hearing, has
been lost and cannot be located.

STEEL V. CITY OF SAN DIEGO, ET AL.           COMPLAINT FOR DAMAGES
                                       JURY TRIAL DEMANDED

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1  called him on his cell phone on the evening of August 11, 2007, informing him that Christina

2  Steel had hired CONFIDENTIAL RESEARCH COMPANY to perform surveillance on

3  Plaintiff and that "their focus was to collect incriminating child custody evidence" related to

4  Plaintiff.[3]

5          64.    Telephone records confirm that on August 11, 2007 and August 12, 2007, RICK

6  BRONOLD called the cell phone of defendant SERGEANT MICHAEL MCCOLLOUGH

7  seven (7) times and the calls lasted a total of fourteen (14) minutes.

8          65.    Telephone records confirm that on August 11, 2007 and August 12, 2007,

9  OFFICER GILBERT NINNESS called the cell phone of defendant SERGEANT MICHAEL

10 MCCOLLOUGH nine (9) times and the calls lasted a total of sixteen (16) minutes.

11         66.    At approximately 10:07 pm on August 11, 2007, SERGEANT MCCOLLOUGH

12 dispatched OFFICER NINNESS to La Jolla to meet with private investigators regarding a

13 possible DUI.

14         67.    On August 11, 2007, OFFICER NINNESS' regular patrol was in Pacific Beach,

15 not La Jolla.

16         68.    OFFICER NINNESS testified that "Sergeant McCollough asked me to help these

17 private investigators out."

18         69.    At approximately 10:37 pm on August 11, 2007, OFFICER NINNESS met with

19 RICK BRONOLD and LAURA MARIE SISSON-BROWN in La Jolla, where BRONOLD and

20 BROWN told OFFICER NINNESS that Plaintiff was intoxicated.  BRONOLD and BROWN

21 showed OFFICER NINNESS Plaintiff's parked vehicle, but Plaintiff was not there.

22         70.    OFFICER NINNESS testified that he remained in La Jolla for over two and a

23 half hours, stating that he "just hung up there for the sergeants [until] they finally said, 'Hey,

24

25

26

27

_____

[3] Plaintiff notes that Sergeant McCollough made no mention of the prior August 4, 2007 telephone conversation
28 with Rick Bronold- instead insisting that the first time he heard of the investigation into Plaintiff was on August 11,
2007.

- 11 -

1   he's rolling.'"[4]

2       71.     Telephone records confirm that at 12:51 am on August 12, 2007, both RICK

3   BRONOLD and SERGEANT MCCOLLOUGH called OFFICER NINNESS.

4       72.     OFFICER NINNESS began following Plaintiff's vehicle through La Jolla at

5   approximately 12:53 am on August 12, 2007.

6       73.     OFFICER NINNESS testified that for the first few minutes he followed

7   Plaintiff's vehicle, Plaintiff had stopped normally, obeyed traffic signals, and gone through

8   intersections normally.  OFFICER NINNESS stated that Plaintiff was driving "perfectly."

9       74.     Telephone records confirm that OFFICER NINNESS called SERGEANT

10  MCCOLLOUGH at 12:56 am and that they spoke for two minutes—*while* OFFICER NINNESS

11  was following Plaintiff's vehicle.

12      75.     Video recordings and the police report confirm that Plaintiff was pulled over by

13  OFFICER NINNESS at 12:58 am on August 12, 2007— when Plaintiff was only a few blocks

14  from his house.

15      76.     At the time Plaintiff was pulled over by OFFICER NINNESS on August 12,

16  2007, defendants RICK BRONOLD, LAURA MARIE SISSON-BROWN and LUIS

17  GONZALES were in separate vehicles following the vehicles of OFFICER NINNESS and

18  Plaintiff and recording the events on video.

19      77.     OFFICER NINNESS stated that the reason he pulled over Plaintiff's vehicle was

20  because Plaintiff failed to come to a complete stop at an intersection with a flashing red light.[5]

21      78.     The intersection with the flashing red light was the very last traffic light Plaintiff

22  had to negotiate before he would have arrived at Plaintiff's home.

23      79.     Plaintiff testified that he stopped normally, obeyed the flashing light signal, and

24  went through the intersection normally.

25  _____

26  [4] During the two and a half hours on August 11, 2007 that Officer Ninness was in La Jolla waiting for Plaintiff to
    return to his vehicle, there were several serious incidents in Pacific Beach requiring police response, including: two
27  separate reports of shots fired, a gang member fight involving 15 gang members and a brandished gun, a hit and run,
    and a report of a "lost diabetic."

28

- 12 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

**D.**  **The August 12, 2007 Arrest Of John Fremont Steel IV And The Refusal Of Officer Ninness To Facilitate Medical Treatment Of Plaintiff, Who Was In Severe Diabetic Distress And Almost Died.**

80.    After the traffic stop, OFFICER NINNESS approached Plaintiff's vehicle and began to question Plaintiff.

81.    On page 1 of OFFICER NINNESS' interview notes, he wrote that Plaintiff had informed him that he "took insulin," had Diabetes, was under the care of a doctor "for [his] Diabetes," and that he took five shots of insulin a day.

82.    OFFICER NINNESS' report also indicated that Plaintiff stated, "My blood sugar is a little low right now" and that he was "almost blind in his right eye."

83.    While Plaintiff was at a point of insulin shock, OFFICER NINNESS administered several field sobriety tests on Plaintiff, and concluded that Plaintiff was impaired.

84.    Video recording and a review of the evidence regarding the field sobriety tests illustrate that OFFICER NINNESS did not properly administer the field sobriety tests on Plaintiff.

85.    When asked by OFFICER NINNESS, Plaintiff agreed to blow into a preliminary alcohol-screening device, but he stated that he had just taken a shot of 'rapid acting' insulin and that his blood sugar was getting too low.

86.    Plaintiff twice blew into the preliminary alcohol-screening device, but the device failed.

87.    Throughout the traffic stop, Plaintiff repeatedly told OFFICER NINNESS that he was having problems related to his Diabetes and that he had to go to the hospital or to the nearby fire station.  On the video recording of the arrest, Plaintiff can be seen pointing toward the fire station as he asked to be taken there.

88.    On a video recording of Plaintiff's arrest, one of the private investigators can be clearly heard commenting that OFFICER NINNESS was "motivated" to arrest Plaintiff.

---

[5] Plaintiff's investigation has confirmed that the flashing red lights at the intersection can only be activated with a key, and that someone had tampered with one or both traffic signals at that intersection on August 11, 2007, and that the signals were repaired the next day.

- 13 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

89.    OFFICER NINNESS testified that Plaintiff "kept telling [him] that he thought his blood sugar was low," but OFFICER NINNESS also testified that he didn't believe Plaintiff, and that he "thought [Plaintiff] was playing games."

90.    OFFICER NINNESS handcuffed Plaintiff, pushing him into the back of the police cruiser, injuring Plaintiff's shoulder.

91.    While Plaintiff was in the back of OFFICER NINNESS' police cruiser being driven to Police Headquarters, he lost consciousness for several minutes due to diabetic shock.

92.    While Plaintiff was unconscious in the back of OFFICER NINNESS' police cruiser, SERGEANT MCCOLLOUGH and OFFICER NINNESS exchanged the following text messages:

> MCCOLLOUGH:    *"YOU STOP THE GUY?"*
>
> *"HEY GIB, HOW R THINGS?*
>
> NINNESS:    *"GRRRREAT"*[6]

93.    After he was in police custody for over an hour, OFFICER NINNESS gave Plaintiff a Pepsi to drink, which caused Plaintiff's blood sugar to soar to near-fatal levels.

94.    Plaintiff did not have access to any insulin or to any testing equipment while at the Police Headquarters.

95.    After almost 2 hours at Police Headquarters, Plaintiff was sent to the County Jail, where he was able to identify the person in charge and ask for help, explaining that he was in severe Diabetic distress.

96.    A nurse at the jail tested Plaintiff's blood sugar, which measured over 500 (a normal reading is between 80 and 120); shortly thereafter, a supervising official at the jail angrily ordered OFFICER NINNESS to immediately take Plaintiff to UCSD Hospital emergency room.

---

[6] Plaintiff can only surmise that McCollough, who, according to Officer Ninness, was on the phone with Ninness when he pulled Plaintiff over- was actually trying to cover up the fact that Plaintiff was pulled over at his direction. Plaintiff can only speculate as to why Officer Ninness was so enthusiastic about the arrest.

- 14 -

97.    Rather than walk Plaintiff into the hospital, OFFICER NINNESS dropped Plaintiff off a substantial distance away from the entrance—leaving Plaintiff, who was on the verge of a diabetic coma, to walk the rest of the way to the hospital entrance.

98.    Plaintiff was admitted and hospital staff administered 42 units of insulin, which is more insulin than Plaintiff usually takes in an entire day.  Nevertheless, it still took several hours before Plaintiff's blood sugar was stabilized and he was releasedg.

**E.    The Rapid Reporting Of Plaintiff's August 12, 2007 Arrest And Hospitalization To The Family Court.**

99.    Shortly after he was arrested and subsequently released from the hospital, Plaintiff was served with divorce papers by defendant SUSAN HASBROUCK, who angrily told Plaintiff, "you have no idea who you're fucking with."

100.    At the time Plaintiff was served the divorce papers by SUSAN HASBROUCK, he was still recovering from the traumatic events relating to his arrest.

101.    At the time Plaintiff was served the divorce papers by SUSAN HASBROUCK, he had not yet spoken to anyone about his arrest and hospitalization of August 12, 2007.

102.    Among the divorce papers, which were filed for Ms. Steel under the signature of her attorney, defendant ROBERT WOOD[7], was a declaration of Ms. Steel that contained the following statement:

> "I recently learned that John was arrested for a DUI over this past weekend and spent the night in the hospital due to a diabetic reaction."

**F.    The Delayed And Inaccurate Reporting And Testimony Regarding Plaintiff's August 12, 2007 Arrest By The Police.**

103.    OFFICER NINNESS did not complete his report detailing Plaintiff's August 12, 2007 arrest until eight (8) days later on August 20, 2007.

104.    Defendant SERGEANT DANIEL DOUGLAS, who approved OFFICER NINNESS' report, testified that he did not know why there was an eight-day delay in the filing of Plaintiff's August 12, 2007 arrest report.

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 15 -

105.    SERGEANT DOUGLAS testified that he believed that the proper action for an officer to take when a suspect is exhibiting Diabetic symptoms would be to ask for a paramedic.

106.    OFFICER NINNESS' August 12, 2007 report, which was not completed until August 20, 2007 (when it was approved by SERGEANT DANIEL DOUGLAS), contained misrepresentations of fact, false statements, exaggerations, and intentional omissions of material and/or exculpatory facts.

107.    OFFICER NINNESS' sworn testimony regarding circumstances related to Plaintiff's August 12, 2007 arrest contained misrepresentations of fact, false statements, exaggerations, and/or intentional omissions of material and/or exculpatory facts.

108.    SERGEANT MCCOLLOUGH's sworn testimony regarding circumstances related to Plaintiff's August 12, 2007 arrest contained misrepresentations of fact, false statements, exaggerations, and/or intentional omissions of material and/or exculpatory facts.

109.    LAURA MARIE SISSON-BROWN's sworn testimony regarding circumstances related to Plaintiff's August 12, 2007 arrest contained misrepresentations of fact, false statements, exaggerations, and/or intentional omissions of material and/or exculpatory facts.

110.    AARON ZIGMAN's sworn testimony regarding circumstances related to his financial support of the private investigation services of CONFIDENTIAL RESEARCH COMPANY, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ and CHARLES E. JONES contained misrepresentations of fact, false statements, exaggerations, and/or intentional omissions of material and/or exculpatory facts.

**G.    The Suspicious Series Of Telephone Calls Between Defendants Rick Bronold, Officer Ninness And Sergeant McCollough Prior To A Scheduled DMV Hearing Related To Plaintiff's August 12, 2007 Arrest.**

111.    Shortly before a scheduled DMV Hearing that would require SERGEANT MCCOLLOUGH to testify about Plaintiff's August 12, 2007 arrest, telephone records confirm that OFFICER NINNESS called SERGEANT MCCOLLOUGH'S cell phone at 2:03 pm on November 15, 2007 and that they spoke for three (3) minutes.

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

[7] The divorce papers indicate that defendant Robert Wood signed them on August 13, 2007.

- 16 -

112.   Shortly before the same scheduled DMV Hearing, telephone records confirm that RICK BRONOLD called SERGEANT MCCOLLOUGH'S cell phone at 2:05 pm on November 15, 2007 and that they spoke for thirteen (13) minutes.

113.   Telephone records confirm that OFFICER NINNESS called SERGEANT MCCOLLOUGH'S cell phone on November 15, 2007 a second time at 2:24 pm, and that they spoke for another five (5) minutes.

**H.   The Seven Month Delay To Press Criminal Charges, Until Three Weeks After Plaintiff Filed A Tort Claim With The City Of San Diego, Putting Them On Notice Of His Intent To Pursue Civil Remedies.**

114.   On or about February 12, 2008, six months after the incident, Plaintiff filed a government tort claim with the City of San Diego, which was later rejected.

115.   On February 28, 2008, less than three weeks after the tort claim was filed (and seven months after the incident), criminal charges were filed against Plaintiff related to the events of August 12, 2007.

116.   During the criminal prosecution of Plaintiff, defendant JANIS KAY STOCKS called the San Diego City Attorney's Office and told them she had video of Plaintiff drinking heavily and driving poorly on the evening of August 11, 2007. To date, JANIS KAY STOCKS has not produced any such video.

**I.   General Allegations on the Policies and Practices of the San Diego Police Department.**

117.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the governmental entity defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things,

    a.   Subjecting people to unlawful vehicle stops by police;

    b.   Subjecting people to unreasonable searches and seizures;

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 17 -

c.   Selecting, hiring, retaining, promoting and assigning employees with demonstrable propensities for violence, dishonesty, and/or histories of other misconduct;

d.   Failing to adequately train, supervise, and control employees in the dangers related to the taking into custody of persons such as Plaintiff, who are not engaged in serious criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

e.   Failing to adequately train, supervise, and control employees in the dangers related to the taking into custody of persons with Diabetes;

f.   Failing to adequately train, supervise, and control employees with regard to ensuring that persons such as Plaintiff receive prompt medical attention;

g.   Failing to adequately train, supervise, and control employees with regard to ensuring that persons such as Plaintiff are properly delivered to a hospital to obtain prompt medical attention;

h.   Failing to adequately train, supervise, and control employees to ensure that private citizens are not followed, pulled over, detained, and/or arrested without probable cause and/or as a personal favor to private individuals who happen to be friends and/or neighbors with officers employed by the San Diego Police Department;

i.   Failing to adequately train, supervise, and control employees to ensure that they do not take orders or directions from private citizens who are paid thousands of dollars to incriminate persons such as Plaintiff;

j.   Failing to adequately train, supervise, and control employees to ensure that they adhere to all applicable policies and procedures regarding cell phone use;

k.   Failing to adequately train, supervise, and control employees to ensure that they do not commit perjury when testifying under oath;

l.   Failing to adequately investigate acts of misconduct by officers;

m.   Failing to adequately discipline officers involved in misconduct; and

- 18 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

n.  Condoning and encouraging officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion, retirement, or other employment benefits.

118.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the public entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth herein.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiff.

## DAMAGES

119.    On August 11, 2007 Plaintiff was in fairly good health and was successfully managing his Type I Diabetes through a regimen of daily glucose tests, insulin injections, diet and exercise.

120.    As a direct and proximate result of defendants' conduct, Plaintiff suffered severe pain and physical injuries including, but not limited to, injuries to his shoulder, as well as substantial and irreversible injuries to his central nervous system and internal organs.  As a further proximate result of defendants' conduct, Plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride in an amount according to proof.

121.    As a further direct and proximate result of defendants' conduct, Plaintiff has incurred, and will continue to incur, hospital, medical, doctor, nursing, psychological care and treatment, and related expenses in an amount according to proof.

122.    As a further direct and proximate result of defendants' conduct, Plaintiff has incurred, and will continue to incur, loss of wages and earning capacity in an amount according to proof.

- 19 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

123.    As a further direct and proximate result of defendants' conduct, Plaintiff incurred substantial legal expenses and other fees and costs, in an amount according to proof.

124.    As a further direct and proximate result of defendants' conduct, Plaintiff incurred substantial other costs, including, but not limited to, a substantial loss of the sales value of his home due to Plaintiff's need to sell his residence of 21 years to finance the various legal, medical and other expenses incurred as a direct result of the incident of August 12, 2007, in an amount according to proof.

125.    Plaintiff finds it necessary to engage the services of private counsel to vindicate his rights under the law, and as of the date of this complaint, the criminal case against Plaintiff is still pending. Plaintiff is therefore entitled recover all attorney's fees incurred in relation to this action for violation of his civil rights.

126.    The conduct of defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK and AARON ZIGMAN was committed knowingly, deliberately, and maliciously, with the intent to oppress, injure, and harass Plaintiff, and in reckless disregard to the constitutional rights, personal security and safety of Plaintiff. Plaintiff is therefore entitled to an award of punitive and exemplary damages against each of these individual defendants.

## FIRST CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS
(42 U.S.C. §1983 – UNLAWFUL SEIZURE AND IMPRISONMENT)

(Against Defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100, inclusive)

127.    Plaintiff realleges and incorporates by reference paragraphs 1 through 126 of this Complaint for Damages.

128.    In doing the acts complained of, defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS,

- 20 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, acted under color and pretense of the statutes, regulations, customs and usages of the State of California, and under the authority of the SAN DIEGO POLICE DEPARTMENT and the CITY OF SAN DIEGO to deprive the Plaintiff of his right to be free from unreasonable seizure secured to him under the Fourth Amendment to the United States Constitution and of his right not to be deprived of liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

129.    The    aforementioned    acts    of    defendants    SERGEANT    MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, caused Plaintiff to sustain severe personal injuries and great mental anguish, as expressed herein.

130.    The    conduct    of    defendants    defendants    SERGEANT    MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic society. However, in order to deliberately injure Plaintiff, defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon Plaintiff, thereby justifying an award of punitive damages.

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 21 -

WHEREFORE, Plaintiff prays for relief as set forth.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. §1983 – EXCESSIVE FORCE)

(Against Defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100, inclusive)

131.    Plaintiff realleges and incorporates by reference paragraphs 1 through 130 of this Complaint for Damages.

132.    In doing the acts complained of, defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, acted under color and pretense of the statutes, regulations, customs and usages of the State of California, and under the authority of the SAN DIEGO POLICE DEPARTMENT and the CITY OF SAN DIEGO to deprive the Plaintiff of his right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and the right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution.

133.    The aforementioned acts of defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1 through 100 inclusive, and each of them, caused Plaintiff to sustain severe personal injuries and great mental anguish, as expressed herein.

134.    The conduct of defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, LAURA MARIE

LAW OFFICES OF RICHARD S. DESAILLES
P.O. Box 1022
Pacific Grove, CA 93950

- 22 -

1 | SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT

2 | WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN and DOES 1

3 | through 100 inclusive, and each of them, as set forth herein, was extreme and outrageous and

4 | beyond the scope of conduct which should be tolerated by citizens in a democratic society.

5 | However, in order to deliberately injure Plaintiff, defendants SERGEANT MICHAEL

6 | MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS,

7 | LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E.

8 | JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON

9 | ZIGMAN and DOES 1 through 100 inclusive, and each of them, committed the aforementioned

10 | extreme and outrageous acts with the intent to inflict severe injury upon Plaintiff, thereby

11 | justifying an award of punitive damages.

12 |      WHEREFORE, Plaintiff prays for relief as set forth.

### THIRD CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983 – CIVIL CONSPIRACY TO INTERFERE WITH THE COMPANIONSHIP AND SOCIETY OF PLAINTIFF AND HIS MINOR CHILD)

(Against Defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, CONFIDENTIAL RESEARCH COMPANY, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, inclusive)

19 |     135.   Plaintiff realleges and incorporates by reference paragraphs 1 through 134 of this

20 | Complaint for Damages.

21 |     136.   In doing the acts complained of, defendants SERGEANT MICHAEL

22 | MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS,

23 | CONFIDENTIAL RESEARCH COMPANY, LAURA MARIE SISSON-BROWN, RICK

24 | BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY

25 | STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100 conspired to,

26 | and acted, under color of law to deprive Plaintiff of the constitutionally protected interest in the

27 | companionship and society of his minor son.

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 23 -

137.    As a proximate result of defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth in an amount according to proof.

138.    The conduct of defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, CONFIDENTIAL RESEARCH COMPANY, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic society.    However, in order to deliberately injure Plaintiff, defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS, OFFICER GILBERT NINNESS, CONFIDENTIAL RESEARCH COMPANY, LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of them, committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon Plaintiff, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. §1983 – *MONELL* CLAIMS

(Against Defendants CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE)

139.    Plaintiff realleges and incorporates by reference paragraphs 1 through 138 of this Complaint for Damages.

140.    Defendants CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE deprived Plaintiff of certain rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth, Fifth, Eighth and Fourteenth Amendments by maintaining, enforcing, tolerating, permitting, acquiescing in, and applying policies, practices, or customs and usages that:

a.    Subject people to unlawful vehicle stops by police;

- 24 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

b.  Subject people to unreasonable searches and seizures;

c.  Select, hire, retain, promote and assign employees with demonstrable propensities for violence, dishonesty, and/or histories of other misconduct;

d.  Fail to adequately train, supervise, and control employees in the dangers related to the taking into custody of persons such as Plaintiff, who are not engaged in serious criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

e.  Fail to adequately train, supervise, and control employees in the dangers related to the taking into custody of persons with Diabetes;

f.  Fail to adequately train, supervise, and control employees with regard to ensuring that persons such as Plaintiff receive prompt medical attention;

g.  Fail to adequately train, supervise, and control employees with regard to ensuring that persons such as Plaintiff are properly delivered to a hospital to obtain prompt medical attention;

h.  Fail to adequately train, supervise, and control employees to ensure that private citizens are not followed, pulled over, detained, and/or arrested without probable cause and/or as a personal favor to private individuals who happen to be friends and/or neighbors with officers employed by the San Diego Police Department;

i.  Fail to adequately train, supervise, and control employees to ensure that they do not take orders or directions from private citizens who are paid thousands of dollars to incriminate persons such as Plaintiff;

j.  Fail to adequately train, supervise, and control employees to ensure that they adhere to all applicable policies and procedures regarding cell phone use;

k.  Fail to adequately train, supervise, and control employees to ensure that they do not commit perjury when testifying under oath;

l.  Fail to adequately investigate acts of misconduct by officers;

m.  Fail to adequately discipline officers involved in misconduct; and

- 25 -

n.  Condone and encourage officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion, retirement, or other employment benefits.

141.    In acting as herein alleged, defendants CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE have demonstrated a deliberate indifference to this pattern and practice of constitutional violations by enacting the policies, customs, and practices as alleged in this Complaint and by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetration of said pattern of conduct by San Diego police officers.  The lack of an adequate supervisorial response coupled by the ratification and endorsement of the actions of defendant police officers SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS and OFFICER GILBERT NINNESS by defendants CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE, demonstrates the existence of both a formal and an informal custom or policy which tolerates and promotes the continued use of unlawful violations of the civil rights of citizens by San Diego police officers.

142.    The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE, and their supervisory officials and employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the San Diego Police Department.  Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY OF SAN DIEGO and CHIEF WILLIAM LANSDOWNE to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth.

### FIFTH CLAIM FOR RELIEF

CALIFORNIA CIVIL CODE § 52.1

(Against all Defendants)

143.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 142 of this Complaint for Damages.

- 26 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

144.    The conduct of defendants, and each of them, as described herein violated California Civil Code § 52.1, in that they interfered with, and/or conspired to interfere with Plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through the use of unlawful seizure and imprisonment, wrongful and excessive force, and denial of medical treatment.

145.    As a direct and proximate result of defendants' violation of California Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and damages as set forth herein.

146.    Since the conduct of defendants SERGEANT MICHAEL MCCOLLOUGH, SERGEANT DANIEL DOUGLAS and OFFICER GILBERT NINNESS, as described herein, occurred in the course and scope of their employment, defendants CITY OF SAN DIEGO and SAN DIEGO POLICE DEPARTMENT are therefore liable to Plaintiff pursuant to respondeat superior.

147.    Since the conduct of defendants ROBERT WOOD and JANIS KAY STOCKS, as described herein, occurred in the course and scope of their employment, defendants HERVEY & WOOD, A.P.C. and STOCKS & FENTIN, respectively, are therefore liable to Plaintiff pursuant to respondeat superior.

148.    Since the conduct of defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ and CHARLES E. JONES, as described herein, occurred in the course and scope of their employment, defendant CONFIDENTIAL RESEARCH COMPANY is therefore liable to Plaintiff pursuant to respondeat superior.

149.    Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to California Civil Code § 52.1.

WHEREFORE, Plaintiff prays for relief as set forth.

### SIXTH CLAIM FOR RELIEF

#### ASSAULT

#### (Against SUSAN HASBROUCK)

150.    Plaintiff realleges and incorporates by reference paragraphs 1 through 149 of this Complaint for Damages.

- 27 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

151.    By virtue of the foregoing, defendant SUSAN HASBROUCK intended to cause or to place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's person.

152.    As a result of defendant SUSAN HASBROUCK's acts as alleged above, Plaintiff, in fact, was placed in great apprehension of a harmful or offensive contact with Plaintiff's person.

153.    The conduct of defendant SUSAN HASBROUCK, as set forth herein, proximately caused Plaintiff to suffer severe and extensive damages as herein alleged.

154.    The acts of defendant SUSAN HASBROUCK were willful, wanton, malicious, oppressive, carried out with reckless disregard of Plaintiff's well-being and safety, and were undertaken with the intent to harm Plaintiff, justifying an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth.

### SEVENTH CLAIM FOR RELIEF

#### BATTERY

(Against Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, inclusive)

155.    Plaintiff realleges and incorporates by reference paragraphs 1 through 154 of this Complaint for Damages.

156.    By virtue of the foregoing, defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK and AARON ZIGMAN, and each of them, conspired to cause or to place Plaintiff in a position to be arrested, whereby OFFICER NINNESS would make offensive physical contact with Plaintiff without Plaintiff's consent.

157.    As a result of the acts of defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK and AARON ZIGMAN, and each of them, Plaintiff was, in

- 28 -

1    fact, subjected to offensive physical contact with Plaintiff's person when he was handcuffed and

2    shoved into the back of OFFICER NINNESS' patrol vehicle.

3        158.    The conduct of defendants LAURA MARIE SISSON-BROWN, RICK

4    BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY

5    STOCKS, SUSAN HASBROUCK and AARON ZIGMAN, and each of them, as set forth

6    herein, proximately caused Plaintiff to suffer severe and extensive damages as set forth herein.

7        159.    The acts of defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD,

8    LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN

9    HASBROUCK and AARON ZIGMAN, and each of them, were willful, wanton, malicious,

10   oppressive, carried out with reckless disregard of Plaintiff's well-being and safety, and were

11   undertaken with the intent to harm Plaintiff, justifying an award of exemplary and punitive

12   damages.

13       WHEREFORE, Plaintiff prays for relief as set forth.

14       **EIGHTH CLAIM FOR RELIEF**

15       INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16       (Against Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD,
     LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS,
17       SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, inclusive)

18       160.    Plaintiff realleges and incorporates by reference paragraphs 1 through 159 of this

19   Complaint for Damages.

20       161.    The conduct of defendants LAURA MARIE SISSON-BROWN, RICK

21   BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY

22   STOCKS, SUSAN HASBROUCK and AARON ZIGMAN, and each of them, as set forth

23   herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated

24   by citizens in a democratic and civilized society.  However, in order to deliberately injure

25   Plaintiff, these defendants committed the aforementioned extreme and outrageous acts with the

26   intent to inflict severe mental and emotional distress upon Plaintiff.

27       162.    As a proximate result of defendants' willful, intentional and malicious conduct,

28   Plaintiff suffered severe and extreme mental and emotional distress as set forth herein.

- 29 -

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1  Therefore, Plaintiff is entitled to an award of exemplary and punitive damages as against

2  defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ,

3  CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK and

4  AARON ZIGMAN.

5      163.  Since the conduct of defendants LAURA MARIE SISSON-BROWN, RICK

6  BRONOLD, LUIS GONZALEZ and CHARLES E. JONES occurred in the course and scope of

7  their employment, defendant CONFIDENTIAL RESEARCH COMPANY is therefore liable to

8  Plaintiff pursuant to respondeat superior.

9      164.  Since the conduct of defendants ROBERT WOOD and JANIS KAY STOCKS

10  occurred in the course and scope of their employment for HERVEY & WOOD, A.P.C. and

11  STOCKS & FENTIN, respectively, defendants HERVEY & WOOD, A.P.C. and STOCKS &

12  FENTIN are therefore liable to Plaintiff pursuant to respondeat superior.

13      WHEREFORE, Plaintiff prays for relief as set forth.

14  ### NINTH CLAIM FOR RELIEF

15  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

16  (Against Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD,
   LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS,
17  SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, inclusive)

18      165.  Plaintiff realleges and incorporates by reference paragraphs 1 through 164 of this

19  Complaint for Damages.

20      166.  Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS

21  GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN

22  HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of them, owed

23  Plaintiff a duty to act reasonably under the circumstances.

24      167.  The conduct of defendants LAURA MARIE SISSON-BROWN, RICK

25  BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY

26  STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of

27  them, as set forth herein, did not comply with the standard of care to be exercised by reasonable

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 30 -

1  individuals, proximately causing Plaintiff to suffer severe emotional distress and other damages

2  as set forth herein.

3      168.    As a direct and proximate result of the breach of the duty of care owed by

4  defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ,

5  CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK,

6  AARON ZIGMAN, and DOES 1 through 100, and each of them, Plaintiff suffered damages as

7  set forth herein.  Accordingly, Plaintiff is entitled to compensatory damages according to proof.

8      WHEREFORE, Plaintiff prays for relief as set forth.

9                    **TENTH CLAIM FOR RELIEF**

10                          NEGLIGENCE

11      (Against Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD,
        LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS,
12      SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of them,)

13      169.    Plaintiff realleges and incorporates by reference paragraphs 1 through 168 of this

14  Complaint for Damages.

15      170.    Defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS

16  GONZALEZ, CHARLES E. JONES, SUSAN HASBROUCK, AARON ZIGMAN, and DOES

17  1 through 100, and each of them, owed Plaintiff a duty to act reasonably under the

18  circumstances.

19      171.    Defendants ROBERT WOOD and JANIS KAY STOCKS, and each of them,

20  owed Plaintiff a duty to act reasonably under the circumstances.  By engaging in the conduct

21  described here, defendants ROBERT WOOD and JANIS KAY STOCKS each failed to act

22  reasonably under the circumstances; both acted below the standard of care of a reasonable

23  person or a reasonable attorney licensed by the State of California.

24      172.    The conduct of defendants LAURA MARIE SISSON-BROWN, RICK

25  BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, SUSAN HASBROUCK, AARON

26  ZIGMAN, and DOES 1 through 100, and each of them, as set forth herein, did not comply with

27  the standard of care to be exercised by reasonable individuals.

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

173.   As a direct and proximate result of the breach of the duty of care owed by defendants LAURA MARIE SISSON-BROWN, RICK BRONOLD, LUIS GONZALEZ, CHARLES E. JONES, ROBERT WOOD, JANIS KAY STOCKS, SUSAN HASBROUCK, AARON ZIGMAN, and DOES 1 through 100, and each of them, Plaintiff suffered damages as set forth herein. Accordingly, Plaintiff is entitled to compensatory damages according to proof.

WHEREFORE, Plaintiff prays for relief as set forth.

## ELEVENTH CLAIM FOR RELIEF

### BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.- UNFAIR COMPETITION AND BAD FAITH BUSINESS PRACTICES BY COMMISSION OF UNLAWFUL ACTS

(Against Defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100)

174.   Plaintiff realleges and incorporates by reference paragraphs 1 through 173 of this Complaint for damages.

175.   Defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, knowingly and intentionally engaged in conduct in violation of California Business and Professions Code section 7523, which states:

> *"No person shall engage in the business of private investigator, as defined in Section 7521, unless that person has applied for and received a license to engage in that business pursuant to this chapter.*
>
> *(b) Any person who violates any provision of this chapter, or who conspires with another person to violate any provision of this chapter, relating to private investigator licensure, or who knowingly engages a nonexempt unlicensed person is guilty of a misdemeanor punishable of a fine of five thousand dollars ($5,000) or by imprisonment in the county jail not to exceed one year, or by both that fine and imprisonment."*

176.   Defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, knowingly and intentionally engaged in conduct in violation of California Penal Code section 182, which states:

> *"If two or more persons 'conspire' to commit a crime– they shall be punishable by imprisonment in the county jail for not more than one year, or in the state prison."*

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

177.   These statutes were intended to protect Plaintiff and members of the general public from the very harm that occurred.

178.   The violations by defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100 proximately and legally caused actual injury and damages to Plaintiff, as described herein.

179.   Based on the acts alleges herein, defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, and each of them, engaged in unlawful business practices within the meaning of California Business and Professions Code Section 17200, et seq.

180.   The acts of defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, and each of them, were willful, wanton, malicious, oppressive, carried out with reckless disregard of Plaintiff's well-being and safety, and were undertaken with the intent to harm other lawfully operating private investigation companies and law firms.   Such acts justify the awarding of exemplary and punitive damages.

181.   As expressed herein, defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, and each of them, knew or should have known that Plaintiff is a disabled person as defined by California Business and Professions Code Section 17206.1.   Accordingly, the aforementioned acts justify an award of trebled civil penalties.

WHEREFORE, Plaintiff prays for relief as set forth.

## TWELFTH CLAIM FOR RELIEF

### NEGLIGENCE PER SE

(Against Defendants CONFIDENTIAL RESEARCH COMPANY,
HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100)

182.   Plaintiff realleges and incorporates by reference paragraphs 1 through 181 of this Complaint for damages.

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

183.   Defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, and each of them, owed Plaintiff a duty to act reasonably under the circumstances.

184.   Defendants CONFIDENTIAL RESEARCH COMPANY, HERVEY & WOOD, A.P.C., STOCKS & FENTIN, and DOES 1-100, knowingly and intentionally engaged in conduct in violation of numerous state laws including, but not limited to, California Business and Professions Code section 7523 and California Penal Code section 182.

185.   The violation of the aforementioned laws was a substantial factor in causing Plaintiff to suffer damages, including great mental, emotional, and nervous pain and suffering.

WHEREFORE, Plaintiff prays for relief as set forth.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

a.   For general, special and compensatory damages in an amount to be proven at trial;

b.   For punitive damages from all individual defendants, and each of them, in an amount to be shown at trial;

c.   For costs of suit incurred in this action;

d.   For statutory damages and/or attorney's fees against defendants as allowed under California Civil Code section 52.1 et seq.;

e.   For statutory damages as allowed under California Civil Code section 52.1 et al.

f.   For injunctive relief enjoining defendant CITY OF SAN DIEGO from authorizing, allowing, or ratifying the practice by any employee of the CITY OF SAN DIEGO, including all members of the SAN DIEGO POLICE DEPARTMENT, of seizing any person without probable cause, and of retaliating against citizens based upon a person's exercise of constitutional rights;

g.   For reasonable attorney's fees as allowed under 42 U.S.C. 1988, California Code of Civil Procedure section 1021.5, and any other applicable statutes; and

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 34 -

h.   For such other and further relief as the Court deems proper.

Dated:  August 11, 2009

Respectfully submitted,

LAW OFFICES OF RICHARD S. DESAULLES

By:  _____
Richard S. deSaulles, Attorney for Plaintiff,
John Fremont Steel IV

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

3

4   Dated: August 11, 2009                 Respectfully submitted,

5                                          LAW OFFICES OF RICHARD S. DESAULLES

6

7                                          By: _____

8                                              Richard S. deSaulles, Attorney for Plaintiff,
                                               John Fremont Steel IV

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF RICHARD S. DESAULLES
P.O. Box 1022
Pacific Grove, CA 93950

- 36 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN FREMONT STEEL IV

**(b)** County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Richard S. deSaulles, P.O. Box 1022, Pacific Grove, CA 93950-1022  (831) 402-2195

## DEFENDANTS

09 AUG 11 PM 1: 12

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

09 CV 1743    MMA NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  42 U.S.C. 1983

Brief description of cause:  Civil Rights Complaint arising from wrongful arrest

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  UNKNOWN    DOCKET NUMBER  M042125

DATE  8/11/2009    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  4114    AMOUNT  350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

CR  8/11/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004114
Cashier ID: sramirez
Transaction Date: 08/11/2009
Payer Name: THE LAW OFFICES OF DESAULLES
-----------------------------------
CIVIL FILING FEE
 For: STEEL V. CITY OF SD
 Case/Party: D-CAS-3-09-CV-001743-001
 Amount:       $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1034
 Amt Tendered:  $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```