# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREMONT STEEL IV,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09CV1743-MMA (WVG)<br><br>**ORDER GRANTING DEFENDANT CHARLES E. JONES'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 32] |

Defendant Charles E. Jones moves to dismiss the above-captioned matter pursuant to the Federal Rule of Civil Procedure 12(b)(6). The motion was set for hearing on October 19, 2009 at 2:30 p.m. Therefore, under the Southern District of California's Local Civil Rules, Plaintiff's response to the motion was due on or before October 5, 2009. *See* CIV. L.R. 7.1(e)(2).[1] Plaintiff has not filed a response nor sought additional time in which to file a response to Defendant's motion.

## DISCUSSION

This action arises from events related to the arrest of Plaintiff John Fremont Steel IV for driving under the influence. The Complaint was filed on August 11, 2009. Defendant Jones moved to dismiss the complaint thereafter on September 21, 2009. Despite opposing the numerous motions to dismiss filed by other defendants in this action, Plaintiff has wholly failed to address the merits of Defendant Jones's motion.

---

[1] Although the hearing was later moved to November 2, 2009 at 2:30 p.m., this change did not affect the date by which Plaintiff was to respond to the motion under Civil Local Rule 7.1(e)(2).

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendant Jones's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal of Defendant Jones from this action pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that this case has spurred extensive motion practice, and the Court has an otherwise heavy caseload.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Jones's motion to dismiss the complaint. The Clerk of Court is ordered to terminate Jones as a Defendant to this action.

**IT IS SO ORDERED**.

DATED: November 5, 2009

*Michael M. Anello* (signature)

Hon. Michael M. Anello
United States District Judge