# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREMONT STEEL IV,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　Defendants. | CASE NO. 09CV1743-MMA (WVG)<br><br>**ORDER:**<br><br>**1) LIFTING STAY;**<br><br>**2) GRANTING CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION UNDER *HECK V. HUMPHREY*, 512 U.S. 477 (1994)** |

　　　　On August 4, 2010, the Court issued an Order staying the above-captioned matter pending disposition of the criminal charges against Plaintiff John Fremont Steel IV. (Doc. No. 129.) On August 20, 2010, the City of San Diego, William Landsdowne, Michael McCollough, Gilbert Ninness, and the San Diego Police Department ("City Defendants") notified the Court that the Plaintiff was convicted on one count of driving under the influence of alcohol on June 22, 2010. (Doc. No. 130.) Accordingly, the Court now **LIFTS** the stay in this matter.

　　　　In their original motion to dismiss, the City Defendants asserted that Plaintiff's first claim under § 1983 for unlawful seizure and imprisonment claim should be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*City Defs.' Mot. to Dismiss* [Doc. No. 26] at 3:24–4:8.) But under *Wallace v. Kato*, 549 U.S. 384 (2007), the Court determined that a stay of the case rather than dismissal of the claim was appropriate until the pending charges against Plaintiff were resolved. In light of Plaintiff's recent conviction, the Court finds dismissal of his claim for unlawful seizure and

imprisonment claim appropriate.

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." 512 U.S. at 486–87. A claim for damages which bears a direct relationship to the length or validity of a sentence which has not already been shown to be invalid is not cognizable under § 1983. *Id.* at 487. The Supreme Court has also held that even those claims which challenge the validity of a particular procedure, but do not directly attack a conviction, sentence, or its result, are subject to the threshold requirements of *Heck* since it is often the case that "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

Plaintiff asserts in his first cause of action that he was falsely arrested and imprisoned for driving under the influence of alcohol. Plaintiff's claim, if ultimately successful, would necessarily imply the invalidity of the Plaintiff's recent conviction. Accordingly, the Court **DISMISSES** Plaintiff's first cause of action for unlawful seizure and imprisonment in its entirety **with prejudice**.

Defendants shall file their answers to the Second Amended Complaint within *20 days* from the date of this Order.

**IT IS SO ORDERED**.

DATED: August 25, 2010

Hon. Michael M. Anello
United States District Judge